IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02100-REB-PAC

SUSAN K. TURNER and
CAROLYN A. DAVIS,

     Plaintiffs,

v.

PUBLIC SERVICE COMPANY OF COLORADO, d/b/a EXCEL ENERGY,

     Defendant.

---

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL (DOCKET NO. 29)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter was before the court for hearing on November 16, 2006, on the Plaintiffs' Motion to Compel (docket no. 29). The court has considered the subject motion and the Defendant's response thereto (docket no. 39). In addition, the court has taken judicial notice of the court's file and considered applicable Federal Rules of Civil Procedure and case law. The court further has considered oral argument presented by the parties through counsel. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

Plaintiffs allege in their Amended Complaint unlawful failure to promote and failure to hire claims under Title VII. Plaintiffs worked or applied to work at one of Defendant's five power plants in Colorado, namely, the Comanche Power Plant.

2

Plaintiffs' above-mentioned claims involve two hiring decisions at the Comanche Power Plant in 2004.  There is no continuing violation theory, no disparate impact allegation, and no pattern or practice claim in the lawsuit.

Plaintiffs seek an order from this court requiring Defendant to fully respond to Plaintiffs' Requests for Production ("RFP") nos. 1, 2, 3, and 6.  This court will address each RFP in dispute separately.

As to Plaintiffs' RFP no. 1, this court finds that Plaintiffs have deposed David Edmisson, who was the Comanche Power Plant's manager of operations.  Mr. Edmisson reported to another director who also worked at the Comanche Power Plant.  Mr. Edmisson testified that he did not make his hiring decisions in consultation with any employees or directors from the other power plants, and he has no knowledge of the number of female applicants at the other power plants.  Moreover, he testified that all of the individuals involved in interviewing the Plaintiffs worked at the Comanche Power Plant. See exhibit A.  Based upon these findings, this court concludes that Plaintiffs' RFP no. 1 requests information that is irrelevant as to Plaintiffs' claims and is not reasonably calculated to lead to discovery of admissible evidence at trial.  In addition, the scope of Plaintiffs' RFP no. 1 is over-broad, noting that this is not a class action lawsuit.  See James v. Newspaper Agency Corp., 591 F.2d 579, 582 (10th Cir. 1979); Mackey v. IBP, Inc., 167 F.R.D. 186, 195 (D. Kan. 1996).

As to Plaintiffs' RFP no. 2, this court finds that Plaintiffs' RFP no. 2 is over-broad and is not reasonably calculated to lead to discovery of admissible evidence at trial.  This court further finds that Defendant has nevertheless made available for inspection

3

to counsel for Plaintiffs portions of Defendant's affirmative action plans relating to gender of employees at the Comanche Power Plant during the time period of 2000 to 2005.

As to Plaintiffs' RFP nos. 3 and 6, this court finds they are over-broad and not reasonably calculated to lead to discovery of admissible evidence at trial. Plaintiffs' claim of gender discrimination relates to discrete instances of non-selection at the Comanche Power Plant in 2004 only. Plaintiffs' claims do not involve any other "job openings, posting or advertising of non-supervisory positions" at the Comanche Power Plant or other Company facility.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiffs' Motion to Compel (docket no. 29) is **DENIED**.
2. That each party shall pay their own attorney fees and costs.

Done this 16th day of November 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge