**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-02100-REB-PAC

SUSAN K. TURNER, and
CAROLYN A. DAVIS,

    Plaintiffs,

v.

PUBLIC SERVICE COMPANY OF COLORADO, d/b/a XCEL ENERGY,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

    This matter is before me on the **Defendant's Motion for Summary Judgment** [#34], filed October 13, 2006. The plaintiff filed a response, and the defendant filed a reply. I grant the motion.

### I. JURISDICTION

    I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question).

### II. STANDARD OF REVIEW

    Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Farthing v. City of Shawnee*, 39 F.3d

1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 528 U.S. 933 (1999).

### III. SUMMARY OF CLAIMS

Both plaintiffs assert Title VII gender discrimination claims against the defendant, Public Service Company (Public Service). Plaintiff Carolyn A. Davis is employed by Public Service at the Comanche Power Plant in Pueblo, Colorado. She alleges that Public Service discriminated against her based on her gender when it denied her a series of promotions between 1996 and 2004. Plaintiff Susan Turner alleges that on several occasions Public Service refused to hire her for entry-level

positions at the Comanche Power Plant.  She claims Public Service refused to hire her because of her gender.  The positions in question were subject to a collective bargaining agreement between Public Service and the International Brotherhood of Electrical Workers Local #111 (the union).  The CBA governs job postings, bidding requirements, and step progression advancements.

Unless noted otherwise, the facts described in this order are undisputed and based on the evidence in the record.  I will refer to the exhibits attached to the Defendant's Memorandum Brief in Support of Motion for Summary Judgment [#35], filed October 13, 2006, by their letter designation (e.g., Exhibit A).

### IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

> An employee wishing to challenge an employment practice under Title VII must first "file" a "charge" of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1); **Ledbetter v. Goodyear Tire & Rubber Co.**, --- U.S. ----, 127 S.Ct. 2162, 2166-67 (2007). Because Title VII seeks to avoid "the pressing of stale claims," it requires aggrieved persons to file any such charge within certain specified periods after the allegedly unlawful conduct occurred.  **Zipes v. Trans World Airlines, Inc.**, 455 U.S. 385, 394 (1982) (quotation omitted). If the employee does not submit a timely EEOC charge, he or she may not proceed to court. **Ledbetter**, 127 S.Ct. at 2166-67. While the applicable deadline for filing a charge with the EEOC depends on a variety of circumstances, the latest possible filing date is 300 days after the last allegedly unlawful act. See 42 U.S.C. § 2000e-5(e)(1).

**Montes v. Vail Clinic, Inc.**, ___ F.3d ___, 2007 WL 2309766, *1 (10th Cir. 2007).  A 300 day deadline is applicable in this case.

On May 25, 2004, Davis filed a charge of discrimination with the EEOC.  Exhibit E.  In her charge Davis complained that Public Service denied her promotions in 1996, 2000, 2002, and 2004, based on her gender.  *Id.*  Her charge concerning the 2004

3

promotion concerned a Notice of Vacancy posted in March, 2004.  In the Amended Complaint [#3], filed November 23, 3005, Davis alleges that she improperly was denied promotions in 2005; however, these hiring decisions were not raised in her EEOC charge or in any subsequent charge of discrimination.  Davis did not file a charge of discrimination within 300 days after the hiring decisions in 1996, 2000, 2002, and 2005.  Thus, Davis did not exhaust her administrative remedies as to these claims.  These claims must be dismissed.  Davis's EEOC charge was timely only with regard to the Notice of Vacancy posted in March of 2004.

On May 25, 2004, Turner filed a charge of discrimination with the EEOC.  Exhibit F.  In her charge Turner complained that she was not hired by Public Service in the spring of 2000 and in November of 2003, based on her gender. This charge was filed more than 300 days after the spring of 2000 incident.  Any claim based on that incident must be dismissed based on Turner's failure to file a timely EEOC charge.  Turner's EEOC charge was timely only with regard to the November 2003, incident.

The only claim properly preserved by Davis is her failure to promote claim regarding the 2004 Notice of Vacancy.  The only claim preserved by Turner is her failure to hire claim concerning the November, 2003, vacancy.  I note that the plaintiffs do not address the issue of exhaustion of administrative remedies in their response to the motion for summary judgment.  Therefore, I presume that they are constrained to concede that only these two claims properly were preserved by the timely filing of EEOC charges.

## V.  DAVIS - FAILURE TO PROMOTE

Davis was hired by Public Service in 1985.  She has received various step promotions while employed with Public Service.  In January, 2003, she was advanced to Plant Specialist A.  In March, 2004, a Notice of Vacancy was posted for one or more positions in the classification "Plant Specialist A 1st Year." *Brief in support of motion for summary Judgment* [#35], filed October 13, 2006, Exhibit G.  The notice indicated that employees "interested in bidding on this job should sign in the space provided below." *Id*.  Before this notice was posted, Davis had been promoted beyond the classification of Plant Specialist A 1st year, to the position of Plant Specialist A.  Davis did not sign the notice indicating that she was interested in bidding on the job described in the March, 2004, Notice of Vacancy.  As required by the collective bargaining agreement, the position reflected in the notice was to be filled according to seniority, so long as the most senior employees were qualified for the position.

### A.  *Prima Facie* Case

Davis has not presented any direct evidence of gender discrimination concerning the Notice of Vacancy posted in March 2004.  Therefore, I employ the familiar burden-shifting analysis of **McDonnell Douglas Corp. v. Green**, 411 U.S. 792, 802-04 (1973).  If plaintiff satisfies the burden of establishing a *prima facie* case of discrimination, the burden then shifts to defendant to articulate a legitimate, nondiscriminatory reason for its employment decision.  If defendant meets this burden, plaintiff then must prove the ultimate fact of discrimination by showing that defendant's proffered reason is pretextual.  See **Young v. Dillon Companies, Inc**., 468 F.3d 1243,

5

1249 (10th Cir. 2006) (Title VII); **McKnight v. Kimberly Clark Corp.**, 149 F.3d 1125, 1128 (10th Cir. 1998) (ADEA).

To establish a *prima facie* case of gender discrimination, Davis must establish that 1) she was a member of a protected class; 2) she applied for and was qualified for an available position; 3) she was rejected; and 4) the defendant promoted other persons with her qualifications who were not members of the protected class, or the promotion remained open. **Garcia v. Pueblo Country Club**, 299 F.3d 1233, 1238 (10th Cir. 2002). It is undisputed that Davis was required to sign the Notice of Vacancy, Exhibit G, as a condition precedent for consideration for the vacancy described in the notice. It is undisputed that Davis understood that she was required to sign the notice in order to apply for the job. The undisputed facts in the record demonstrate that Davis did not sign the notice and did not apply for the job in question. Therefore, Davis cannot establish a *prima facie* case of gender discrimination based on the defendant's failure to hire her for the job described in the Notice of Vacancy posted in March, 2004.

### B. Pretext

If an individual never applies for a position, then not selecting that individual for the position based on the lack of an application is a legitimate, non-discriminatory reason for the decision not to hire that individual. Thus, even if Davis could establish a *prima facie* case of gender discrimination, she then would be required to show that this legitimate, non-discriminatory reason for not hiring her for the position in question was a pretext for gender discrimination. Pretext may be established by showing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the

employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." ***Bullington v. United Air Lines, Inc.***, 186 F.3d 1301, 1317 (10th Cir.1999) (internal quotation omitted). Davis has not come forward with any evidence to demonstrate pretext.

In a grievance filed with her union, Davis complained that the Notice of Vacancy did not state which skill area was being filled (operations or fuels), and senior Plant Specialist As, like Davis, "do not feel they were given an opportunity to bid the fuels job." Exhibit H. In her deposition Davis conceded that the alleged non-specific nature of the Notice of Vacancy affected male employees and female employees. Exhibit B (Davis Depo.), p. 174, l. 20 - p. 176, l. 17. She also expressed her concern that the job was filled based on favoritism that benefitted a particular employee, to the exclusion of all others. *Id.*, pp. 132, 134.

Any vagueness in the Notice of Vacancy, and any favoritism toward one employee to the exclusion of all others, affected equally both male and female employees in a position similar to Davis. This conduct by Public Service does not tend to demonstrate that the legitimate, non-discriminatory reason cited by Public Service was actually a pretext for gender discrimination. Davis has not cited any evidence that tends to show that Public Service's reason for not selecting Davis for the position in question was a pretext for gender discrimination.

## C. Conclusion

Viewing the undisputed facts in the record in the light most favorable to Davis, I conclude that Davis cannot establish a *prima facie* case of gender discrimination. No

reasonable juror could conclude that Davis applied for the position in question. I further conclude that Davis has not come forward with any evidence to support the conclusion that Public Service's legitimate, non-discriminatory reason for not hiring Davis for the position in question was a pretext for discrimination. Thus, no reasonable juror could conclude that Public Service's reason was a pretext for gender discrimination. Public Service is entitled to judgment as a matter of law on Davis's gender discrimination claim.

## VI.  TURNER - FAILURE TO HIRE

Turner applied for an opening for a Plant Specialist C position which was posted on or about October 26, 2003.  *Exhibit* F.  Turner passed the first two levels of scrutiny that are applied to the applications for this position when she passed a written test and a review of her relevant work experience.  At this point Turner and several other applicants were considered to be minimally qualified for the position.  Public Service interviewed seventeen people to fill six open positions.  Turner and one other woman, Dawn Hansen, were included in this pool of seventeen.  Public Service says it did not hire Turner for this position because, during the standard interview process, Turner did not demonstrate that she was one of ths most qualified applicants.  Turner admits that she did not perform well during the interview. Exhibit D (Turner Depo.), pp. 47, 49, 62, 63.  Dawn Hansen, a woman, was offered a position, but did not accept the position.

### A.  *Prima Facie* Case

To establish a *prima facie* case for failure to hire based on gender, Turner must show that 1) she was a member of a protected class; 2) she applied for and was

qualified for an available position; 3) she was rejected; and 4) the defendant hired others for the position who possessed her qualifications and who were not members of the protected class.  *Garcia v. Pueblo Country Club*,  299 F.3d 1233, 1238 (10th Cir. 2002).  The evidence in the record indicates that Turner can establish a *prima facie* case.  Again, the defendant can rebut a *prima facie* case by articulating a legitimate, nondiscriminatory reason for its employment decision.  Again, Public Service says it did not hire Turner for this position because, during the standard interview process, Turner did not demonstrate that she was one of ths most qualified applicants.  This is a legitimate, non-discriminatory reason.  In the face of such a reason, Turner then must prove the ultimate fact of discrimination by showing that defendant's proffered reason is a pretext for gender discrimination.

### B.  Pretext

Turner also has not come forward with any evidence that tends to show pretext. Turner makes two points in an attempt to establish pretext.  First, she argues that the interview process was conducted by male only interview panels, and consisted of standardized but subjective questions.  Second, she argues that Public Service has hired relatively few females over a long period of time, and that this statistic tends to demonstrate pretext.

The interview questions probed each candidate's capabilities in eight gender-neutral areas: work history; team building, initiative and risk taking, problem analysis and critical thinking, leveraging conflict, adaptability and dealing with ambiguity, communication and continuous learning.  Exhibit L; Exhibit D (Turner Depo.), p. 53, l.

9

15 - p. 54, l. 3. The applicant's answers were scored by each of the four interviewers individually, and the interviewers then reached a combined score by consensus. Some of the questions could be described as general or vague.

Public Service's interview process included subjective factors, as does any employment interview process. Based on the evidence in the record, however, I conclude that no reasonable finder of fact could conclude that the interview process at issue here was the type of undocumented and "wholly subjective" process that may tend to establish pretext. *See, e.g.,* **Plotke v. White**, 405 F.3d 1092, 1106 (10th Cir. 2005). If the subjective factors that are inherent in any interview process are seen as establishing pretext, then every interviewee could establish pretext. In this case Public Service has provided ample evidence of a legitimate, non-discriminatory reason for its decision. The presence of some subjective factors in the decision-making process, without more, is not sufficient to demonstrate that Public Service's reason for not hiring Turner was a pretext for discrimination. *See* **Furr v. Seagate Technology, Inc**., 82 F.3d 980, 987 (10th Cir. 1996) (use of somewhat subjective criteria does not prove intentional discrimination; applying ADEA). Similarly, the all male interview panel, without more, does not tend to demonstrate pretext.

Turner's argument that she has established pretext because females are under represented in the workforce at the Comanche power plant fares no better. "For statistics to be valid and helpful in a discrimination case, both the methodology and the explanatory power of the statistical analysis must be sufficient to permit an inference of discrimination." **Simpson v. Midland-Ross Corp**., 823 F.3d 937 (6th Cir. 1987)

10

(quotations omitted).  Statistical evidence must eliminate the most common nondiscriminatory explanations for the disparity.  **Fallis v. Kerr-McGee Corp**., 944 F.2d 743, 746 (10th Cir. 1991).

> The probative value of statistical evidence varies greatly according to the type of discrimination alleged. In a disparate impact case, statistical evidence plays a central role because the plaintiff is attempting to show a particular practice had a disproportionate impact on a particular group, and not the employer's discriminatory intent. However, in an individual disparate treatment case, the focus is on how and why an employer treated a particular individual the way it did. As such, statistical evidence of the employer's general hiring patterns is considerably less probative.

**Bullington v. United Air Lines, Inc**., 186 F.3d 1301, 1319 (10th Cir. 1999) (citation omitted).  "(S)uch statistical evidence will rarely suffice to rebut an employer's legitimate, nondiscriminatory reasons for a particular adverse employment action."  *Id*.

As described in the Final Pretrial Order [#57], filed December 4, 2006, Turner's claim is an individual disparate treatment claim focusing on how Public Service treated Turner when Public Service made a particular hiring decision.  Turner's statistical evidence concerns hiring patterns from 1980 to 1991, and a hostile work environment at the Comanche plant  as addressed in **Hansel v. Public Service Co. of Colorado**, 778 F. Supp. 1126, 1128, 1132 (D. Colo. 1991).  She notes also that, after another female employee quit in 1997, Davis was the only female employee at Comanche between 1997 and 2004.  *Response* [#55], filed November 24, 2006, Edmisson Deposition, p. 28, l. 22 - p. 29., l. 13.

This statistical evidence does not eliminate the most common nondiscriminatory explanations for the disparity Turner cites.  In the context of the other evidence in this case, this statistical evidence carries little, if any, probative weight on the issue of why

11

Public Service treated Turner as it did.  Public Service has cited specific and rational reasons for its decision not to hire Turner. At best, the statistics Turner cites are only obliquely relevant to the particular decision Turner challenges.  Again, "statistical evidence will rarely suffice to rebut an employer's legitimate, nondiscriminatory reasons for a particular adverse employment action." ***Bullington***, 186 F.3d at 1319.  I conclude that no reasonable juror could conclude that Turner's general statistical evidence rebuts Public Service's specific reasons for not hiring Turner, and shows that those reasons were a pretext for gender discrimination.

### C.  Lost Evidence

In her response to the motion for summary judgment, Turner notes that Public Service has not been able to produce the interview notes for Turner's interview for the position at issue here.  However, Turner does not specify what relief she seeks based on Public Service's inability to produce these notes.  I agree with Public Service that there is no evidence of the bad faith destruction or loss of these documents.  Assuming there is sufficient evidence that Public Service was negligent in not preserving the interview notes, such negligence is not sufficient to create an issue of fact on the issue of pretext, either alone or in combination with the other evidence in the record of this case.

### D.  Conclusion

Viewing the undisputed facts in the record in the light most favorable to Turner, I conclude that Turner cannot prove her claim of gender discrimination.  Based on the evidence cited by Turner, no reasonable juror could conclude that Public Service's

12

reason was a pretext for gender discrimination.  Public Service is entitled to judgment as a matter of law on Turner's gender discrimination claim.

## VII.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Defendant's Motion for Summary Judgment** [#34], filed October 13, 2006, is **GRANTED**;

2.  That judgment **SHALL ENTER** in favor of the defendant, Public Service Company of Colorado, D/b/a Xcel Energy, and against the plaintiffs, Carolyn A. Davis and Susan K. Turner;

3.  That the plaintiffs' gender discrimination claims are **DISMISSED WITH PREJUDICE**;

4.  That the Trial Preparation Conference set on September 7, 2007, at 9:00 a.m., and the trial scheduled to commence on Monday, September 24, 2007, are **VACATED**;

5.  That any other currently pending motions, including those docketed as [#50], [#72], and [#77], are **DENIED AS MOOT**; and

6.  That defendant is **AWARDED** its costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR. 54.1.

Dated August 22, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**